## CARPENTIER v. UNITED STATES.
### No. 42182.

Court of Claims.
May 31, 1938.

494

Carl T. Mack, of Washington, D. C., for plaintiff.

H. L. Godfrey, of Washington, D. C., and Sam E. Whitaker, Asst. Atty. Gen. (J. F. Mothershead and J. Y. Houghton, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

It is contended by plaintiff that certain installations of fuel-tank valves, etc., on submarine facilities of the U. S. Navy infringe Claims 1 and 2 of the patent in suit (finding 6). The Government structure alleged to embody plaintiff's invention is illustrated in plaintiff's exhibits E-2 and E-4 which, respectively, show the connections in the U. S. Navy's submarines S-42 to S-47 and V-2 and V-3 when the standard commercial unpatented Mason regulating valves were installed (findings 7, 8, and 13 to 16).

The record establishes and we have found as a fact that the structure disclosed in plaintiff's patent had no counterpart in the defendant's submarines, which merely used an old and well-known hydraulic follow-up system and valve, and the evidence further establishes, and we have found as a fact, that if Claims 1 and 2 of the patent in suit are given an interpretation sufficiently comprehensive to read upon defendant's system they would also read upon the prior art and, therefore, be invalid (findings 26, 27, and 28).

These findings, which are fully supported by the record and necessary to be made in the case, preclude recovery and only a few of the reasons in support of the findings need to be stated. Plaintiff's patent is directed to a mechanism of particular applicability to submarines of the type which are provided with oil or ballast tanks on the outside of the main pressure or strength hull of the submarine. Such tanks are known as "outboard" tanks and are not so constructed as to withstand high pressure incident to diving operations. Thus, at a depth of 60 feet the pressure exerted by the water of the sea is 26.4 pounds per square inch, at 120 feet pressure is exerted at 52.8 pounds and at 240 feet pressure is exerted at 105.6 pounds per square inch. To prevent the thin or fragile outboard tanks from collapsing, pressure is applied within the tanks so as substantially to balance the outside seawater pressure under all conditions of operation. (Finding 25.) The conception of the Lantz only contemplates (1) a particular form of "valve-like structure," and (2) a variable pressure hydraulic follow-up system for weak "outboard" fuel tanks, which system is dependent upon the action of two automatic valves.

The Government installations embody no part of the subject-matter of plaintiff's patent and are different therefrom in structure, function, and mode of operation. The defendant's submarines charged to infringe have no fragile outboard fuel tanks connected with a regulating valve. The fuel tanks on defendant's submarines are positioned within the main pressure hull of the submarine. While the outside wall of these "inboard" fuel tanks may be exposed to the sea, such wall is a part of the main pressure hull of the submarine and will not, therefore, collapse or leak when the submarine submerges and rises.

The defendant's submarines also do not use the variable pressure compensating system of plaintiff's patent. On the contrary, they use a zero-pressure compensating system. In this system the pressure in the fuel tanks is not permitted to vary, but is maintained at about atmospheric pressure by an old and well-known regulating valve which is so connected as to function about five minutes every hour and then only during surface operation. The Lantz valves are not used on the defendant's submarines.

Upon the whole record, it appears with reference to the question of infringement that the United States simply purchased old and well-known commercial regulating valves and installed and used them in connection with an old and well-known hydraulic system where the valves performed their normal and expected function of pressure regulations.

The claim of infringement therefore fails. The petition must be dismissed. It is so ordered.